# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT S. CARILLIO, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> COMPLAINT 1:19-cv-01484 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes ROBERT S. CARILLIO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and MCM's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a 47-year-old consumer residing in Cuyahoga County, Ohio, which is located within the Northern District of Ohio.

5. MCM is a self-proclaimed debt collector.[1] MCM is a corporation organized under the laws of the state of Kansas, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California. MCM uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Ohio. MCM is also a furnisher of credit information to the major credit reporting agencies, including Experian and Equifax.

6. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[2] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on

---

[1] https://www.midlandcreditonline.com/who-is-mcm/
[2] https://www.experian.com/corporate/experian-corporate-factsheet.html

2

a nationwide basis, including in the State of Texas. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

## FACTS SUPPORTING CAUSE OF ACTION

8. Several years ago, Plaintiff obtained a line of credit through Citibank, N.A., which he subsequently defaulted upon, thus incurring debt ("subject account").

9. Upon information and belief, the subject debt was subsequently purchased by Midland Funding LLC, who employed MCM to collect upon the subject account.

10. In late 2017, Plaintiff and MCM agreed to a settlement arrangement, wherein MCM would consider the subject account paid in full upon completion of all payments subject to the agreement.

11. On or about December 12, 2017, MCM sent Plaintiff a letter in the mail memorializing the settlement arrangement as follows:

> Congratulations on taking the first step to resolve this debt. This letter confirms the settlement arrangements on the above reference account, with an existing balance of $5,874.98.
>
> The settlement terms we have agreed to are as follows:
>
> Agreed-Upon Payment Amount: $2,644.00
> Initial Payment Amount: $2,063.00
> Initial Payment Due Date: 12-31-2017
> Monthly Payment Amount: $20.75
> Due Date: Last day of each month

ACTUAL STRUCTURE:
1 X $2063.00,
5 X $112.00,
1 X $21

12. Pursuant to the agreed-upon arrangements, Plaintiff remitted every payment to MCM on time, as seen below:

| Date | Payee | Type | Amount |
|---|---|---|---|
| 12/19/2017 | Midland Credit Management Inc | Payment | -$2,063.00 |
| 01/18/2018 | Midland Credit Management Inc | Payment | -$112.00 |
| 02/20/2018 | Midland Credit Management Inc | Payment | -$112.00 |
| 03/19/2018 | Midland Credit Management Inc | Payment | -$112.00 |
| 04/18/2018 | Midland Credit Management Inc | Payment | -$112.00 |

| 05/17/2018 | Midland Credit Management Inc | Payment | -$112.00 |
| 06/19/2018 | Midland Credit Management Inc | Payment | -$21.00 |

13. On June 19, 2018, Plaintiff fulfilled his obligations under the settlement arrangement made with MCM.

14. Yet, in late 2018 through June 2019, MCM continued to mail collection notices to Plaintiff's residence, seeking to collect upon the paid subject account.

15. Plaintiff was taken aback by MCM's actions, so he accessed his consumer credit report to ensure that the subject account was being reported accurately.

16. Much to Plaintiff's dismay, both Equifax and Experian were erroneously reporting the subject account as "Open," with a balance amount of "$3,231."

17. In response, Plaintiff sent a dispute letter to MCM, informing it of the fact that he already remitted payment in full to cover the subject account, as agreed-upon between the parties.

18. In spite of this information, on or about February 20, 2019, MCM sent Plaintiff a letter stating, "We have received and processed your dispute. After reviewing the information you provided, our accounts notes, and information provided by the previous creditor we have found that our information is correct."

19. Once again, Plaintiff re-disputed the subject account with MCM, however, on June 5, 2019, MCM sent Plaintiff a letter re-stating the language in its February 20, 2019, letter, as referenced in paragraph 16.

20. Along with his disputes to MCM, during the spring of 2019, Plaintiff initiated written credit disputes with Equifax and Experian. Specifically, Plaintiff requested that Equifax and Experian remove its erroneous credit reporting of the MCM subject account.

21. Upon information and belief, MCM received nostice of Plaintiff's online disputes within five days of Plaintiff initiating the written disputes with Equifax and Experian. *See* 15 U.S. Code §1681i(a)(2).

22. On or about June 1, 2019, Experian responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, Experian informed Plaintiff that its investigation of the disputes is now complete, stating, "Information on this item has been updated. Please review your report for the details."

23. Plaintiff's Experian report failed to correct the erroneous information, reflecting the following:



24. On or about June 5, 2019, Equifax similarly responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, Equifax informed Plaintiff that its investigation of the disputes is now complete, stating, "We have verified that this item has been reported correctly."

25. Plaintiff's Equifax report failed to correct the erroneous information, reflecting the following:

| Midland Funding LLC | 320 E BIG BEAVER STE 300 TROY MI 48083 : (877) 653-0358 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | Creditor Classification | |
| 856553* | 03/17/2015 | $5,875 | $0 | | | | 14 | | | Retail | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 06/05/2019 | $3,231 | $3,231 | 06/2018 | $0 | $0 | 05/2014 | | 12/2018 | $0 | | $0 | | |
| Status | Type of Account | | Type of Loan | | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Collection Account | Open | | Debt Buyer Account | | | Individual Account | | | Original Creditor | | CITIBANK N A | | |

26. Despite having actual knowledge that Plaintiff no longer had any obligation on the subject account, as well as after receiving Plaintiff's disputes, Defendants continued to incorrectly report the subject debt.

27. Any reasonable investigation engaged in by Defendants would and should have revealed the blatant inaccuracies reflected on Plaintiff's credit report.

28. The reporting of the MCM trade line is patently inaccurate and materially misleading, as once Plaintiff fulfilled the terms of the settlement arrangement entered into by Plaintiff and MCM, Plaintiff no longer had any obligation on the subject account.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

29. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has delinquent accounts and that he cannot honor his financial obligations, and is thus a high-risk consumer.

30. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

31. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses,

including specifically, the loss of credit opportunity, decreased credit score, certified mail expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

32. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax and Experian credit files.

<u>**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**</u>
(AGAINST MCM)

33. Plaintiff restates and reallages paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

35. MCM is a "person" as defined by 15 U.S.C. §1681a(b).

36. MCM is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

37. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

38. MCM violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, Experian, and Plaintiff.

39. MCM violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, Experian, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

40. Had MCM reviewed the information provided by Experian, Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to Equifax and Experian. Instead, MCM wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

41. MCM violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax and Experian.

42. MCM violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

43. MCM violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax and Experian credit files.

44. MCM failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax and Experian credit files within 30 days of receiving notice of the disputes from Equifax and Experian under 15 U.S.C. §1681i(a)(1).

45. Despite the blatantly obvious errors in Plaintiff's Equifax and Experian credit files, and Plaintiff's efforts to correct the errors, MCM did not correct the errors or trade line to report accurately. Instead, MCM wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

46. A reasonable investigation by MCM would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax and Experian credit files.

47. Had MCM taken steps to investigate Plaintiff's valid disputes or Equifax's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

48. By deviating from the standards established by the debt collection industry and the FCRA, MCM acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and Experian.

WHEREFORE, Plaintiff, ROBERT S. CARILLIO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing MCM to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

51. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

52. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

53. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

54. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided Experian with all relevant information in his request for investigation to reflect that he is no longer liable for the subject account.

58. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as open and past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

59. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

60. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

61. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to MCM. Upon information and belief, Experian also failed to include all relevant

information as part of the notice to MCM regarding Plaintiff's dispute that Experian received from Plaintiff.

62. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

63. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

64. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from MCM that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

65. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the MCM trade line as open, delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

66. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

67. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

68. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

69. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

70. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

71. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff was not obligated to pay the subject account.

72. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

73. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, ROBERT S. CARILLIO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

74. Plaintiff restate and realleges paragraphs 1 through 73 as though fully set forth herein.

75. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

76. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

77. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

78. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

79. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

80. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

81. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

82. Plaintiff provided Equifax with all relevant information in his request for investigation to reflect that he is no longer liable for the subject account.

83. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as open and past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

84. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

85. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

86. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to MCM. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to MCM regarding Plaintiff's dispute that Equifax received from Plaintiff.

87. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

88. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

89. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from MCM that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

90. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the MCM trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

91. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

92. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

93. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

94. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

95. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

96. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put Equifax on notice that he was not obligated to pay the subject account.

97. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

98. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, ROBERT S. CARILLIO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

    c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

    g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST MCM)

99. Plaintiff repeats and realleges paragraphs 1 through 98 as though fully set forth herein.

100. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

101. MCM is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

102. MCM identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1985.[3]

103. The subject account is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

---

[3] https://www.acainternational.org/search#memberdirectory

104. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

105. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

106. MCM violated §1692e, e(8), and e(10) when it failed to accurately communicate to Experian and Equifax that the subject account was closed and paid in full. Plaintiff has continuously disputed the validity of the subject account to MCM since Plaintiff fulfilled his obligations under the settlement arrangement. Nevertheless, despite multiple notices, MCM continued to willfully communicate false credit information to Experian and Equifax.

107. MCM also violated §1692e and e(10) by continuing to send Plaintiff collection letters reflecting an outstanding balance, when in fact, Plaintiff had already satisfied the subject account in full. MCM's persistence, in defiance of Plaintiff's disputes, was a deceptive effort to extract additional payments from Plaintiff.

    b.  **Violations of FDCPA § 1692f**

108. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

109. MCM violated 15 U.S.C. §1692f when it unfairly attempted to collect upon the subject account. Specifically, it was unfair for MCM to harm Plaintiff by communicating false information regarding the subject account, despite the fulfilled settlement arrangement between Plaintiff and MCM.

WHEREFORE, Plaintiff, ROBERT S. CARILLIO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 27, 2019                                                   Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                              Counsel for Plaintiff
Admitted in the Northern District of Ohio          Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com